UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE L. JACOB,
        Plaintiff,

                                                  Case No. 1:15-cv-0268

v.

                                                  HON. PAUL L. MALONEY

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant,
                                      /

## OPINION

       This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Willie Jacob seeks review of the Commissioner's decision denying his claim for disability insurance benefits under Title II of the Social Security Act.

## STANDARD OF REVIEW

       The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an

application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 53 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.34, 158.) He obtained a GED and was previously employed as an industrial sewer, assembler, and hi-lo operator. (PageID.61, 96–97.) Prior to the application at issue in the instant matter, Plaintiff first applied for benefits on December 17, 2008, alleging that he had been disabled since March 28, 2008. (PageID.140.) Plaintiff's application was denied on April 8, 2009, after which time he sought relief before an ALJ. (PageID.140.) On November 19, 2010, however, the ALJ determined Plaintiff was not disabled.

(PageID.137–51.) After a unfavorable decision by the Social Security Appeals Council, Plaintiff appealed the Commissioner's decision to this court. (PageID.152–57.) On August 30, 2013, Magistrate Judge Brenneman recommended the Commissioner's decision that Plaintiff was not disabled be affirmed. (PageID.229–45.) The undersigned adopted Judge Brenneman's report and recommendation over Plaintiff's objections on September 9, 2013. (PageID.266–77.)

While Plaintiff's appeal to this court was pending, he filed a second application for benefits on August 14, 2012. (PageID.158, 280–81.) Plaintiff again alleged that he was disabled since March 28, 2008, due to bilateral shoulder injury, neck injury with pain and stiffness, headaches, nauseousness, sleeplessness, bilateral arm and hand pain with numbness and weakness, low back pain with pain and weakness down right leg, and depression. (PageID.158.) Plaintiff's application was denied on January 30, 2013, after which time he requested a hearing before an ALJ. (PageID.173, 192.) On September 4, 2013, Plaintiff appeared before ALJ Michael Condon for an administrative hearing. (PageID. 54–108.) On November 15, 2013, ALJ Condon rendered his written decision that Plaintiff was not disabled. (PageID.34–53.) On February 10, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.25–30.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Condon determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 20, 2010.[2]

---

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

[2]The ALJ noted that the Commissioner's decision in Plaintiff's prior application had become final. Consequently, the ALJ applied the doctrine of *res judicata* and declined to revisit the period between Plaintiff's alleged onset date and November 19, 2010, the date of the prior decision. (PageID.38.)

(PageID.40.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) degenerative disc disease of the cervical spine; (3) degenerative joint disease of the bilateral shoulders, status-post bilateral rotator cuff surgery; and (4) major depressive disorder. (PageID.40.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.41–43.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform work limited to lifting 20 pounds occasionally and 10 pounds frequently, with sitting for up to six hours and with standing and/or walking for up to 6 hours in an eight-hour workday, with normal breaks. He can perform no overhead work and less-than-frequent extension or flexion of the neck. There must be less-than-frequent pushing or pulling with the upper extremities and never with exertion over 25 pounds. There must be less-than-frequent rotation of the neck, forward reaching, or side reaching away from the body. The claimant is limited to doing simple, routine work on a sustained basis.

(PageID.43.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any past relevant work. (PageID.46.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 7,500 jobs in the state of Michigan as an inspector/ packager, cashier, and machine tender that an individual similar to Plaintiff could perform. (PageID.100.) This represents a significant number of jobs. *See, e.g., Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from November 20, 2010, through November 15, 2013, the date of the decision. (PageID.48.)

**DISCUSSION**

Plaintiff presents the following claims of error:

1. The ALJ's RFC ignored Plaintiff's severe back impairment;

2. The ALJ violated the treating physician rule; and

3. The ALJ gave no valid reasons for rejecting Plaintiff's complaints.

(PageID.625.) The Court will discuss the issues below.

**1.**

The ALJ in Plaintiff's prior application determined Plaintiff had the severe impairments of degenerative joint disease – bilateral shoulders (post operative) and cervical degenerative disc disease. (PageID.142.) The ALJ noted that Plaintiff had complained of low back pain, but determined it was only a non-severe impairment. (PageID.142.) The ALJ went on to assign an RFC that was identical as the one quoted above, except it did not include the above limitation for simple work. (PageID.143.) After that decision, Plaintiff's complaints of low back pain increased. He noted the pain had begun several years earlier after he injured himself while shoveling snow, but had since worsened. (PageID.364.) An MRI revealed disc bulging at L5-S1, such that the bulge made contact with the traversing right S1 nerve. (PageID.371.) However, the impression of the reviewing physician was that "there are degenerative changes of the lumbar spine predominately at the L4-L5 and L5-S1 levels. *They are mild*. They are not resulting in significant spinal canal narrowing, significant foraminal narrowing nor impingement of neural elements." (PageID.371–72) (emphasis added). The ALJ in the instant case included Plaintiff's low back pain as a severe impairment by noting Plaintiff had degenerative disc disease of the lumbar spine. (PageID.40.) Plaintiff contends that the evidence of new severe impairments should have compelled a new,

more restrictive RFC that would have resulted in Plaintiff being precluded from being able to perform a substantial number of jobs, and claims the ALJ erred by concluding that his low back pain did not cause limitations over and above those found in the prior decision.

RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

Substantial evidence supports the ALJ's conclusion that Plaintiff's degenerative disc disease of the lumbar spine did not impose additional or different limitations from those found in the prior decision. While Plaintiff claims that his back pain further deteriorated his functional capacity and resulted in greater limitations than those set out in the RFC, Plaintiff fails to explain what those limitations are, and importantly does not cite to any evidence of record beyond his subjective statements to support this assertion. (PageID.628–29.) The ALJ, however, pointed to specific portions of the record to conclude that Plaintiff was not further limited. While the ALJ acknowledged there were some inconsistencies, the ALJ noted several instances in which Plaintiff did not have tenderness on his lumbar and paraspinal muscles. (PageID. 302, 447.) Furthermore, the ALJ noted that Plaintiff also appeared at times with good posture and normal gait. (PageID.302.) At an office visit on April 25, 2013, Plaintiff presented with an antalgic gait, however,

his motor strength and sensation was normal, as was his heel and toe gait. (PageID.447.) While Plaintiff did have a positive straight leg test at 90 degrees, he also had a negative slump test.[3] (PageID.447, 492.) As noted above, MRI results on Plaintiff's lumbar spine revealed only mild degenerative changes. Given all this, substantial evidence supports the ALJ's conclusion. *See Schmiedebusch v. Comm'r of Social Sec.*, 536 F. App'x 637, 645–646 (6th Cir. 2013) (affirming ALJ's conclusion that an additional severe impairment that reflected little increase in symptomatology since a previous ALJ determination did not support a more restrictive RFC assessment). Accordingly, Plaintiff's first claim of error is rejected.

**2.**

On August 29, 2013, Barbara Rounds, a licensed occupational therapist, opined on Plaintiff's physical RFC and concluded that Plaintiff was limited to an extent far greater than that recognized by the ALJ. Among other things, Ms. Rounds stated that Plaintiff could only walk for two hours in an eight hour workday while sitting for up to four and standing for about two hours. (PageID.501.) Plaintiff would need an at will sit/stand opinion, and would need to take unscheduled breaks. (PageID.501.) Furthermore, Plaintiff could only occasionally lift ten pounds from waist level, and only rarely lift five pounds from the floor. (PageID.502.) Plaintiff could occasionally twist, and climb stairs and ramps, but rarely stoop, bend, crouch, or squat. (PageID.502.) Ultimately, Ms. Rounds concluded that Plaintiff "does not appear capable of engaging in substantial gainful activity on a regular and or consistent basis." (PageID.503.) On September 26, 2013, Dr. Girish Juneja indicated she agreed with Ms. Rounds' opinion. (PageID.504.) Plaintiff argues the ALJ erred in failing to give this opinion controlling weight under the treating physician

---

[3]A slump test assesses whether a herniated disc, neural tension, or altered neurodynamics contribute to Plaintiff's symptoms. *See* SLUMP TEST, http://www.thestudentphysicaltherapist.com/slump-test.html (last visited Apr. 4, 2016).

8

doctrine. The Court disagrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). The parties do not dispute that the opinion at issue is subject to the treating physician rule.[4]

The deference accorded to such opinions is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the

---

[4] Because the parties do not dispute this point, the Court proceeds under the treating physician analysis. The Court notes, however, that there is some question whether these opinions qualify as a treating physician's opinion. *See Benjamin v. Comm'r of Soc. Sec.*, No. 5:12-CV-01372, 2013 WL 3776792, at *4 (N.D. Ohio July 17, 2013); *see also Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-186-HBG, 2016 WL 1295033, at *6 (E.D. Tenn. Mar. 31, 2016).

evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

> The ALJ discounted the opinion, which is quoted as follows, and assigned it little weight:

> [T]he totality of the evidence simply does not support the limitations provided in Ms. Rounds' assessment. Diagnostic imaging has revealed the claimant has only mild degenerative disc disease in her cervical and lumbar spines with no significant spinal canal narrowing, no significant foraminal narrowing, and no impingement of the neural elements. At times, he has been found to have full strength and sensation in his bilateral shoulders and upper extremities, and he has exhibited no problems with gross or fine motor control. In addition, the claimant has frequently been observed to be neurologically intact, with normal reflexes, strength and sensation in his lower extremities. The claimant has also routinely indicated his pain was stable and controlled with his medication. Furthermore, as part of her assessment, Ms. Rounds indicated, and Dr. Juneja agreed, that the claimant does not appear capable of engaging in substantial gainful activity on a regular and/pr consistent basis. However, the determination of disability is reserved solely for the Commissioner.

(PageID.46) (internal citations omitted). The ALJ's reasons are well supported. As noted above, treatment notes document generally mild degenerative changes in Plaintiff's spine, and on several occasions, Plaintiff walked with a normal gait. On December 19, 2012, Plaintiff stated that overall he was doing quite well with his pain, and that he was able to cope with his medication. (PageID.356.) Finally, the ALJ correctly noted that issues of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390

(6th Cir.2004); *see also Gaskin v. Comm'r of Soc. Sec.*, No. 07-1130, 2008 WL 2229848, at * 8 (6th Cir. May 30, 2008) ("A physician's opinion that a claimant is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination."). Accordingly, the ALJ provided good reasons, supported by substantial evidence, for giving the opinion less than controlling weight.

Plaintiff nevertheless argues the ALJ erred in several respects in his treatment of the opinion, none of which the Court finds persuasive. Plaintiff first argues that the ALJ's analysis is contrary to relevant Social Security regulations. Specifically, Plaintiff asserts that the ALJ failed to comply with the following provision:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2).

Plaintiff argues the ALJ was required to give controlling weight to the opinion because the ALJ failed to demonstrate that Ms. Rounds' opinion was inconsistent with the other substantial evidence in the record. According to Plaintiff, there exists a significant difference between "lack of corroboration" (upon which the ALJ allegedly relied) and "inconsistency" which Plaintiff asserts is the only legitimate basis for discounting a treating physician's opinion.

Plaintiff's argument is unpersuasive for several reasons. First, Plaintiff cites no authority to support his interpretation of the previously cited regulation.[5] Second, the Social Security regulations indicate that

---

[5] Plaintiff's reliance on *Kalkman v. Comm'r of Soc. Sec.*, No. 1:10-CV-1058, 2012 WL 895907 (W.D. Mich. Feb. 21, 2012) is misplaced. In that case the ALJ discounted a treating physician's opinion

11

lack of corroboration is an appropriate consideration when evaluating a treating source's opinion. *See* 20 C.F.R. § 404.1527(d)(3)-(d)(4). The Court also finds Plaintiff's interpretation or definition of the concepts of "lack of corroboration" and "inconsistency" to be unreasonable and unsupported. The Court does not find the two concepts to be mutually exclusive as Plaintiff suggests, but instead finds that the two concepts significantly overlap. Moreover, Plaintiff's argument ignores the portion of the language quoted above that requires a treating source's opinion to be "well-supported." Employing Plaintiff's logic, an ALJ is required to afford controlling weight to a treating source's opinion, even if such enjoys absolutely no support in the medical record, so long as the record does not contain anything which directly and expressly contradicts such. Plaintiff has identified no authority that supports such an unreasonable position. Finally, Plaintiff's argument is contrary to the Sixth Circuit authority cited above which provides that an ALJ can reject a treating source's opinion where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.

Plaintiff secondly argues the ALJ "played doctor" with the evidence. "[A]n ALJ does not play doctor by evaluating the medical evidence because he is required to do so under the regulations." *Wilkins v. Comm'r of Soc. Sec.*, No. 13–12425, 2014 WL 2061156, at * 14 (W.D. Mich. May 19, 2014) (citing 20 C.F.R. § 404.1527(c)). "Rather, an ALJ may properly consider the lack of objective evidence supporting [the doctor's] opinion," and the "inconsistency of his opinion with objective testing results." *Wilkins*, 2014 WL 2061156, at *14. The ALJ may elect to give less weight to an opinion when it fails to find support in the objective evidence and the other record evidence. *See Curler v. Comm'r of Soc. Sec.*,

---

by claiming the record failed to support the physician's opinion. The court found this did not amount to a good reason, however, as the ALJ failed to identify specific records, and the record appeared to support, rather than undercut, the physician's opinion. *Id. at *10.* That is not the case here.

561 F. App'x 464, 471 (6th Cir. 2014); 20 C.F.R. §§ 404.1527(c)(3), (4); *see also Newsome v. Colvin*, No. 7:14–cv–64, 2015 WL 5472943, at * 5 (E.D. Ky. Sept.16, 2015); *Ellars v. Colvin*, No. 2:14–cv–2050, 2015 WL 4538392, at * 3–4 (S.D. Ohio July 27, 2015). The Sixth Circuit has consistently held that inconsistencies between proffered restrictions and the underlying treatment records are good reasons for discounting a treating source's opinions. *See e.g., Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 549–50 (6th Cir. 2014); *Fry v. Comm'r of Soc. Sec.*, 476 F. App'x 73, 75–76 (6th Cir. 2012).

Finally, Plaintiff argues the ALJ "cherry-picked" the record. Arguments that an ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). When courts review an ALJ's decision under 42 U.S.C. § 405(g) to determine whether substantial evidence supports that decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Even if this court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 147 (6th Cir. 1990). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Here, the ALJ reviewed the medical record at length and provided an accurate summary of the administrative transcript. (PageID.41–46). The ALJ did not understate the serious nature of Plaintiff's severe impairments. On the contrary, the ALJ's RFC determination accounted for these impairments by severely restricting Plaintiff's workplace activities. (PageID.43.) Accordingly, this argument is rejected and Plaintiff's claim of error is denied.

**3.**

At the administrative hearing, Plaintiff testified that he was impaired to an extent far greater than that recognized by the ALJ. Specifically, Plaintiff claimed pain in his back, shoulders, and neck, limited his ability to work. (PageID.65.) He testified that he could only sit for ten minutes at any one time, and at times could only walk for as few as two steps. (PageID.65–66.) Plaintiff stated he avoided lifting any weight, and that five or ten pounds would be "pushing it." (PageID.67.) His pain was of such an extent that it made him nauseous. (PageID.89.) Plaintiff further stated that he was depressed and had attended counseling. (PageID.74–75.) Plaintiff claims the ALJ erred in failing to account for his subjective allegations.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also, Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).

Accordingly, "subjective complaints may support a finding of disability only where objective

medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.*; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony" (internal quotation marks omitted)). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff's brief, at bottom, argues the ALJ failed to articulate specific reasons for his credibility determinations and explain how he weighed the evidence. Plaintiff cites *Gonzalez v. Comm'r of Soc. Sec.*, No. 1:06-CV-687, 2008 WL 584927, at *6 (W.D. Mich. Jan. 17, 2008) and *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007) for the proposition that an ALJ may not make "blanket" credibility assertions without providing sufficiently specific evidence to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to individual statements and the reasons for the

weight. *See* SSR 96–7p, 1997 WL 374186, at *4 (July 2, 1996). In *Rogers*, the Sixth Circuit found an ALJ's reasons for discounting a claimant's credibility did not constitute substantial evidence and were not based upon the record in its entirety. The court observed that the ALJ mischaracterized the claimant's testimony and failed to consider a variety of relevant facts—for instance, that the claimant required daily assistance for personal care and could not sit for longer than a few minutes—rendering the ALJ's credibility determination unreasonable. *Id.* at 249.

In this case, the ALJ concluded that Plaintiff's statements concerning the "intensity, persistence and limiting effects" of his symptoms were "not entirely credible." (PageID.44.) The basis of the ALJ's conclusions were:

- At times, Plaintiff demonstrated full strength and sensation in this shoulders and extremities, and did not exhibit problems with gross or fine motor control. (PageID.349.)

- Plaintiff was observed with an active range of motion in his shoulders. (PageID.476.)

- cervical spine x-rays revealed only mild degenerative disc disease (PageID.419.)

- Plaintiff has been observed to be neurologically intact, with normal reflexes, strength and sensation in his lower extremities. (PageID.310, 323.)

- X-rays and MRI scans of the lumbar spine revealed only mild degenerative changes. (PageID.371–72.)

- Plaintiff provided inconsistent statements regarding his nausea

- Plaintiff alleged severe limitations regarding his depression, but did not seek the help of a psychiatrist, psychologist, or therapist.

A review of the record shows that the ALJ's credibility determination was based on discrepancies between Plaintiff's claims, Plaintiff's activities, and medical evidence. Admittedly, the ALJ did not identify

16

each allegation, summarize the evidence relevant to that allegation, and then explicitly deduce why the evidence was inconsistent with Plaintiff's allegation. But the law does not require an ALJ to write in that manner. The ALJ's specific examples of inconsistency are sufficient to constitute reasonable and substantial evidence.

## **CONCLUSION**

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.

Date: <u>April 15, 2016</u>　　　　　　　　　　　　／s／ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　PAUL L. MALONEY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge